

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE BROWN                                CIVIL ACTION

VERSUS                                      NUMBER: 00-243

WARDEN BURL CAIN                            SECTION: "C"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for writ of habeas corpus of petitioner, Dwayne Brown. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Brown's petition be dismissed with prejudice.

Petitioner Brown is a state prisoner currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 6, 1995, Brown was found guilty of burglary of an inhabited dwelling after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On May 3, 1995, Brown was

DATE OF MAILING  MAR 22 2000

DATE OF ENTRY
MAR 2 2 2000

sentenced as a multiple offender to twenty-four years at hard labor without benefit of parole, probation, or suspension of sentence.

Brown directly appealed his conviction which was affirmed by the Louisiana Fourth Circuit Court of Appeal in an unpublished decision dated April 23, 1997. <u>State v. Brown</u>, 693 So.2d 19 (La. App. 4th Cir. 1997)(table). When Brown failed to apply for a rehearing from the Louisiana Fourth Circuit within the fourteen days allowed by Louisiana law, or to seek writs from the Louisiana Supreme Court, his conviction became final at the expiration of that fourteen-day time period, or May 8, 1997. <u>See</u> LSA-C.Cr.P. Art. 922.

Thereafter, Brown states that he took no further action with respect to his conviction until October 13, 1998, well over one year later, when he filed an application for post-conviction relief in the state trial court. After a period of time had passed and Brown had received no ruling on that matter, he filed a petition for "writ of mandamus/writ of execution" in the Louisiana Fourth Circuit complaining of the trial court's delay. On February 9, 1999, the Louisiana Fourth Circuit denied Brown's petition, finding

that a review of the record failed to reflect the filing of any application for post-conviction relief in the state trial court. State v. Brown, No. 99-K-0081 (La. App. 4th Cir. Feb. 9, 1999)(unpublished order). Brown indicates that he then re-submitted his application for post-conviction relief to the trial court on March 16, 1999. Two months later, he filed a second "writ of mandamus/writ of execution" in the Louisiana Fourth Circuit, again complaining of the trial court's delay in addressing his application for post-conviction relief. On June 1, 1999, the Louisiana Fourth Circuit found that the claims raised in Brown's application for post-conviction relief were without merit. State v. Brown, No. 99-K-1136 (La. App. 4th Cir. June 1, 1999)(unpublished order). Brown's subsequent request for writs from the Louisiana Supreme Court was unavailing. State ex rel. Brown v. State, __ So.2d ____, 1999 WL 1202143 (La. 1999). The instant proceeding followed.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state

3

prisoners like Brown now have one year from the date that their convictions became final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has an application for post-conviction or other collateral review pending before the state courts is not counted against the one-year limitation period. The one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.2d 326, 328-29 (5th Cir. 1999).

By Brown's own admission, he had nothing pending before the state courts with respect to his conviction between May 8, 1997, the date his conviction became final, and October 13, 1998, the date he allegedly filed his application for post-conviction relief in the state trial court. During that time, the one-year limitation period set forth in §2244(d)(1) ran its course.[1] As no facts have been presented warranting the application of equitable tolling, Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, ___U.S.___, 119 S.Ct. 1474 (1999), Brown's petition is

---

[1] The exceptions set forth in §2244(d)(1)(B), (C), and (D) are inapplicable here.

4

time-barred and the Court is unable to consider it. It will therefore be recommended that his petition be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for writ of habeas corpus of Dwayne Brown be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this _21_ day of _March_, 2000.

_____
UNITED STATES MAGISTRATE JUDGE