FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAY 31  A 11: 07

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**BERRIGAN, J.**
**May 30, 2000**

| | |
|---|---|
| **DWAYNE BROWN** | **CIVIL ACTION** |
| versus | **NO. 00-0243** |
| **WARDEN BURL CAIN** | **SECTION "C" (5)** |

     Before the Court are the Magistrate Judge's Report and Recommendation advising that this Court dismiss petitioner's application for a writ of habeas corpus and petitioner's objections thereto.[1] The Report and Recommendation advises this Court that petitioner's claim is time-barred by the one year statute of limitations provided for habeas corpus petitions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically 28 U.S.C. § 2244(d)(1). The Report and Recommendation states that petitioner's state conviction became final on May 8, 1997, and then no action was taken by petitioner until well over one year later when he filed an application for post-conviction relief in the state trial court on October 13, 1998. Petitioner claims in his objection that he was attempting throughout that seventeen month period to obtain transcripts to prepare his post-

---

[1] Petitioner has actually filed a motion entitled "Motion for Certificate of Appealability." However, since no judgment has yet been issued, the Court will consider the motion as an objection to the Magistrate Judge's Report and Recommendation.

DATE OF ENTRY
JUN 1 2000



conviction case. In legal terms, petitioner asks this Court to apply the doctrine of equitable tolling to stop the running of the one year statute of limitations for the period during which petitioner allegedly had difficulty obtaining the transcripts.

The Court is aware that the doctrine of equitable tolling is reserved for "'rare and exceptional' circumstances." *See Mollo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Nevertheless, the record now before the Court is insufficient for the Court even to review the instant case under that strict standard. Specifically, the Court cannot determine whether petitioner required a copy of his transcripts in order to lodge his state post-conviction relief case.

Accordingly, **IT IS ORDERED** that, by Friday, June 30, 2000 at 5 p.m., the State (1) produce the state record of this case; and (2) brief the issue of whether the doctrine of equitable tolling should apply to prevent the AEDPA's one year statute of limitations from barring petitioner's application for federal habeas corpus relief.

[signature]