

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 18

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE BROWN | CIVIL ACTION |
| versus | NO. 00-0243 |
| BURL CAIN, WARDEN | SECTION "C" (5) |

## ORDER AND REASONS

The Court previously ordered the State to produce Petitioner's State court record and brief the issue of whether the doctrine of equitable tolling should apply in the instant case. After reviewing the arguments propounded by both the State and the Petitioner, the law, and the case record, the Court has determined that the facts of this case do not warrant application of the doctrine of equitable tolling. Accordingly, Petitioner's habeas corpus petition is untimely for the reasons explained in the Magistrate Judge's Report and Recommendation. *See* Rec. Doc. 4. The Court thus approves and adopts the Magistrate Judge's Report and Recommendation and supplements and amends that Report and Recommendation with this Order and Reasons.

I.   **FACTS**

Petitioner, who is a State inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court automatically referred the petition to the assigned Magistrate Judge for

DATE OF ENTRY
JUL 1 8 2000



production of a Report and Recommendation. The Magistrate Judge's Report and Recommendation advised this Court that Petitioner's claim is time-barred by the one-year statute of limitations provided for habeas corpus petitions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically, 28 U.S.C. § 2244(d)(1). The Report and Recommendation stated that Petitioner's conviction became final on May 8, 1997, and then Petitioner failed to take any action until well over one year later when he filed an application for State post-conviction relief on October 13, 1998. Petitioner claimed in his objections to the Report and Recommendation[1] that he was attempting throughout that seventeen month period to obtain transcripts to prepare his post-conviction case. In legal terms, Petitioner asked this Court to apply the doctrine of equitable tolling to stop the running of the one year statute of limitations for the period during which Petitioner allegedly had difficulty obtaining transcripts.

The information before the Court was insufficient for the Court to rule definitively on Petitioner's equitable tolling argument. The Court therefore ordered that the State provide the full case record and brief the issue of whether equitable tolling should apply. The State produced the four-volume record and an accompanying memorandum arguing that equitable tolling should not apply in the instant case. Petitioner also submitted a brief in which he argued that equitable tolling should apply and thus render timely his petition for writ of habeas corpus.

---

[1] Petitioner actually filed a motion entitled "Motion for Certificate of Appealability." However, since no judgement had yet been issued, the Court considered the motion as an objection to the Magistrate Judge's Report and Recommendation.

## II.  ANALYSIS

The United States Court of Appeals for the Fifth Circuit has held, in accord with other federal circuit courts of appeals, that the one-year limitation period of the AEDPA is a statute of limitations rather than a jurisdictional bar and, as such, is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, ___ U.S. ___, 1195 S.Ct. 1474, 143 L. Ed. 2d 558 (1999). "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810. The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F. 3d 927, 930 (5th Cir. 2000) (citations and internal quotations omitted). "Equitable tolling, however, is permissible only under 'rare and exceptional' circumstances." *Mollo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 811). A district court "must be cautious not to apply the statute of limitations too harshly" because dismissal if a first habeas corpus is a serious matter. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Court, therefore, "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

As explained above, Petitioner argues that much of the seventeen month period between the time of his conviction became final and his filing of an application for State post-conviction relief should be equitably tolled because he was waiting for the State to produce trial and/or pre-trial

hearing transcripts.[2] Petitioner fails, however, to show why he needed these transcripts to file his State application. Furthermore, a review of Petitioner's State application indicates that none of the arguments set forth therein relied specifically on the transcripts. Rather, the arguments were essentially legal arguments that Petitioner could have lodged without the transcripts. Indeed Petitioner experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to Petitioner without the transcripts.[3] Without a showing that Petitioner specifically required the transcripts to file his State application, the Court will not deem any delay in processing Petitioner's request for transcripts to have been an impediment to filing his State application. The Court therefore will not apply the extraordinary remedy of equitable tolling in this case because there has been no showing of any interference with Petitioner's rights that would prevent the timely procession of the full panoply of State and federal collateral proceedings.

---

[2] Petitioner alluded to his rights to transcripts. However, a Louisiana State defendant does not have an automatic right to demand transcripts free of charge from the State. *See State ex rel. Bernard v. Criminal District Court Section "J"*, 653 So.2d 1174. 1175 (La. 1995); *State v. Anderson*, 714 So. 2d 766, 769 (La. Ct. App. 3d Cir. 1998), *writ denied*, 726 So.2d 25 (La. 1998). Rather a defendant must demonstrate a particularized need for the transcripts. *See Bernard*, 653 So.2d at 1175; *Anderson*, 714 So.2d at 769.

Because an inmate does not have an automatic right to free transcripts, the Louisiana State Courts accept post-conviction relief applications without transcripts attached. The State, in its memorandum on equitable tolling, represents that State inmates often file their post-conviction applications without transcripts. If the State court deems a transcript necessary, it will order production of the record, as this Court has done here.

[3] *See Brisbon v. Cain*, Civ. Action 99-3078, 2000 WL 45872, at * 2 (E.D. La. Jan 18, 2000) (magistrate judge's report and recommendation, approved and adopted by this Court, finding that allegedly improper incidents at trial should have been apparent to the petitioner and that the transcript of the proceedings was thus not necessary to advance the petitioner's claims for federal habeas corpus relief).

### III. CONCLUSION

For the reasons stated above, the Court finds that the facts of this case do not warrant applications of the doctrine of equitable tolling. The one-year statute of limitations for habeas corpus petitions therefore bars Petitioner's access to federal habeas corpus relief.

Accordingly, the Court **ORDERS** the following:

(1)    that the Magistrate Judge's Report and Recommendation (Rec. Doc. 4) is hereby **APPROVED and ADOPTED** by this court as its opinion, as supplemented and amended by this Order and Reasons; and

(2)    that Dwayne Brown's petition for a writ of habeas corpus is therefore **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17 day of July 2000.

_____
HELEN G. BERRIGAN,
UNITED STATES DISTRICT JUDGE