

FILED
Aug 2   4 57 PM '00
CLERK

**MINUTE ENTRY**
**BERRIGAN, J.**
**August 2, 2000**

| | |
|---|---|
| **DWAYNE BROWN** | **CIVIL ACTION** |
| versus | **NO. 00-0243** |
| **WARDEN BURL CAIN** | **SECTION "C" (5)** |

On July 19, 2000, Petitioner Dwayne Brown filed a brief entitled "Objection to State's Response to Minute Entry Dated May 30, 2000." *See* Rec. Doc. 11. One day earlier, the Court had issued an Order and Reasons finding that the doctrine of equitable tolling should not apply in the instant case and thus that Petitioner's application for a writ of habeas corpus is time-barred. *See* Rec. Doc. 10. Because the Court received Petitioner's objection after the release of the Order and Reasons, the Court will consider the objection as a Motion to Reconsider.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider" in those exact terms. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). *See id.* A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule

DATE OF ENTRY
AUG - 3 2000

Doc.No. 13

60(b) motion if it is served more than ten (10) days after the court's ruling. *See id.* Petitioner's motion in this case was filed only one day after this Court's Order and Reasons dismissing his petition for a writ of habeas corpus as untimely. Therefore, Rule 59(e) governs Petitioner's motion to reconsider.

In *Washington v. CSC Credit Services, Inc.*, 180 F.R.D. 309 (E.D. La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

In his objections, Petitioner argues that he needed transcripts to file an effective application for State post-conviction relief. Petitioner contends that the State court surely would not have thoroughly examined his full transcript without transcripts attached and specific references to the transcripts in his supporting memorandum. It is only conjecture that a memorandum with specific references to the transcripts may be more effective. As explained previously, a State petitioner need not attach the transcripts in his application for post-conviction relief.

Petitioner also articulates, for the first time, why he considers the missing transcript so important. The transcript which he allegedly needed to file his State post-conviction application was that of a pretrial preliminary examination hearing. Nowhere in his federal petition does he mention this hearing or its significance. In his objection now, he attempts to show that the witnesses perjured themselves at trial and bases his conclusion on allegedly conflicting statements made at the preliminary examination. The Court has reviewed the alleged conflicting statements and does not find them to be significant. Hence, equitable tolling is not warranted.

Petitioner has thus failed to demonstrate any of these three bases for reconsideration in his objections. Accordingly, **IT IS ORDERED** that Petitioner Dwayne Brown's "Objection to State's Response to Minute Entry Dated May 30, 2000" (Rec. Doc. 11), which this Court now regards as a Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), is hereby **DENIED**.

*[signature]*