# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 00-30956
Summary Calendar

D.C. Docket No. 00-CV-243-C



U.S. COURT OF APPEALS
**FILED**
NOV 0 7 2000
CHARLES R. FULBRUGE III
CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  NOV 3 0 2000
LORETTA G. WHYTE
CLERK

DWAYNE BROWN

    Petitioner - Appellant

v.

BURL CAIN, Warden, Louisiana State Penitentiary

    Respondent - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: NOV 29 2000

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana
NOV 29 2000

Fee ____
Process ____
X Dktd ____
CtRmDep ____
Doc.No. 16

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
NOV 0 7 2000
CHARLES R. FULBRUGE III
CLERK

No. 00-30956
Summary Calendar

DWAYNE BROWN,

                              Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                              Respondent-Appellee.

---

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 00-CV-243-C

---

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Dwayne Brown, Louisiana state prisoner # 96518, has appealed the district court's dismissal of his habeas corpus petition as time-barred. We affirm.

    The district court granted a certificate of appealability ("COA") on whether the 28 U.S.C. § 2244(d) limitations period should have been equitably tolled because of difficulty that Brown

---

    *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had in obtaining transcripts and records from the state courts in order to prepare his state court application for postconviction relief ("PCR").

Brown contends, first, that federal habeas relief should not be time-barred because he filed his PCR application timely, within the three-year period formerly provided by La. Code Crim. Proc. Ann. art. 930.8(A)(West). This issue is not properly before this court because it is beyond the scope of the district court's COA, and Brown has not asked this court for a COA relative to it. See United States v. Kimler, 150 F.3d 429, 431 n.1 (5th Cir. 1998).

Brown contends that the district court should have found that equitable tolling resulted from the state courts' delay in enabling him to purchase the transcripts. Brown argues that he needed the preliminary hearing transcript to show discrepancies between the testimony of Officer Petty and certain trial testimony concerning the investigation that culminated in Brown's arrest. Brown argues that this is relevant to his habeas claim that the evidence of his guilt was insufficient. Since the district court exercised its discretion in denying relief on this claim, the applicable standard of review is abuse of discretion. See Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

An argument that testimony of prosecution witnesses was not credible is not a valid insufficiency of evidence contention. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989). Thus, Brown's belief that he needed the pretrial hearing transcript was based on his ignorance of federal habeas law concerning an insufficiency of evidence claim. However, ignorance of the law does not justify equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), petition for cert. filed, (U.S. May 8, 2000) (No. 99-10243). Accordingly, the district court did not abuse its discretion in rejecting Brown's contention of equitable tolling. See Molo, 207 F.3d at 775.

A F F I R M E D.