UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED JAN 1 8 2001
LORETTA G. WHYTE
Clerk

| | | |
|---|---|---|
| DWAYNE BROWN | * | CIVIL ACTION NUMBER: 00-0243 |
| - - versus - - | * | SECTION: "C" (5) |
| BURL CAIN, Warden | * | DATE FILED: _____ |
| Louisiana State Penitentiary; STATE OF LOUISIANA | * | FILED BY: _____ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

# MOTION TO REINSTATE HABEAS CORPUS PROCEEDINGS

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

MAY IT PLEASE THE COURT:

NOW INTO COURT comes <u>DWAYNE BROWN</u>, pro se, petitioner, who Respectfully Prays that this Honorable Court will GRANT to Him this MOTION TO REINSTATE HABEAS CORPUS PROCEEDINGS, pursuant to 28 U.S.C. 2244(d)(2), and the resent decision of the United States Supreme Court in ARTUZ v. BENNET, ___ U.S. ___, 121 S.Ct. 361, ___ L.Ed.2d ___ (2000), which was decided on November 7, 2000, (See, Exhibit "A," attached hereto).

## JURISDICTION

Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. 2244(d)(1)(C), pursuant to the U.S. Supreme Court's decision in <u>ARTUZ</u>, supra.

- - 1 - -

Fee _____
Process _____
X Dktd _____
X CtRmDep _____
Doc.No. _____

1

Petitioner asserts that the Issue at hand was in fact presented to this Honorable Court in petitioner's MOTION TO SUPPORT EQUITTABLE TOLLOING, under Section 1, concerning 28 U.S.C. 2244(d)(2), which neither the STATE or this Honorable Court addressed.

2

Petitioner would first bring to light LSA-C.Cr.P., Article 930.8, which at the time petitioner was convictied gave Him a time frame of three(3) years to FILE his Post Conviction Relief Application.

3

Petitioner asserts that on May 23, 1997, His Direct Appeal became Final in the Louisiana Fourth Circuit Court of Appeal.

4

Petitioner asserts that on October 13, 1998, He filed his Post Conviction Relief Application into the District Court, well within the three(3) year time limitations prescribed by LSA-C.Cr.P., Article 930.8.

5

Petitioner asserts that on November 24, 1999, that the Louisiana Supreme Court denied Certiorari on His Post Conviction

Relief Application.

### 6

Petitioner asserts that pursuant to the Equittable Tolling Provisions of 28 U.S.C. 2244(d)(2), which holds that:

> (2) The time during which a properly FILED application for STATE post-conviction or other collateral review with respect to the pertinent judgment or claim is pending SHALL NOT be counted toward any period of limitation under this subsection.

### 7

Petitioner asserts that the United States Supreme Court in ARTUZ, supra, where the Court held that:

> And an application is "PROPERLY FILED" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, THE TIME LIMITS UPON ITS DELIVERY, the Court and office in which it must be lodged, and the requisite filing fee.

### 8

Petitioner asserts that pursuant to LSA-C.Cr.P., Article 930.8, He was timely and properly before the STATE Court with His Post-Conviction Application. And as such, the time prior to Filing is also Equittable tolled as "the tolling period in 28 U.S.C. 2244(d)(2) complements (the exhaustion requirement under 28 U.S.C. 2254(C)) by extending the time for filing federal petitions while state remedies are being exhausted." O'SULLIVAN v. BOERCKEL, 526 U.S. 838, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1(1999); cited in

BENNETT v. ARTUZ, 199 F.3d 116, 119(2nd Cir.1999).

### 9

Petitioner asserts that He exhausted STATE remedies on His Post Conviction Relief Application on November 24, 1999. And as such, that was when the one-year time limitations of 28 U.S.C. 2244(d)(1), commenced.

### 10

Petitioner asserts that He filed His application for Habeas Corpus Relief into this Honorable Court on or about January 19, 2000, which was approximately two(2) months after His Denial of relief in the STATE Court's.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. 2244(d)(2), and the resent decision of the U.S. Supreme Court in ARTUZ, supra, this Honorable Court should GRANT this MOTION TO REINSTATE HABEAS CORPUS PROCEEDINGS, and ORDER the Magistrate Judge and the STATE to address the Issues presented in His Original Application for Habeas Corpus Relief.

RESPECTFULLY SUBMITTED BY:

*Dwayne Brown 96518*

DWAYNE BROWN        DOC# 096518
Louisiana State Penitentiary
Camp  "C"    --    Wolf  2
Angola, Louisiana          70712

- - 4 - -

C E R T I F I C A T E   O F   S E R V I C E

I, DWAYNE BROWN, do hereby certify that a copy of the foregoing MOTION TO REINSTATE HABEAS CORPUS PROCEEDINGS, has been served upon ALL Parties by placing said copy properly addressed with pre-paid postage affixed thereto, in the U.S. Mail Repository here at Louisiana State Penitentiary, at Angola, Louisiana, on this the 16 DAY OF JANUARY, 2001.

                                                /s/ Dwayne Brown
                                                DWAYNE  BROWN
                                                (PRO SE - PETITIONER)

E X H I B I T

\* \* \* A \* \* \*

\* \* <u>6</u> \* \*

No. 99-1238

CHRISTOPHER ARTUZ, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY, PETITIONER *v.* TONY BRUCE BENNETT

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Syllabus

No. 99-1238. Argued October 10, 2000 - Decided November 7, 2000

A New York trial Court orally denied respondent's 1995 motion to vacate his state conviction. Subsequently, the Federal District Court dismissed respondent's federal habeas petition as untimely, noting that it was filed more than one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In reversing and remanding, the Second Circuit concluded that 28 U.S.C. § 2254(d)(2), which tolls AEDPA's limitations period during the time that a "properly filed" application for state post conviction relief is pending, also tolls the 1-year grace period which the Circuit has allowed for the filing of applications challenging pre-AEDPA convictions; that, in the absence of a written order, respondent's 1995 motion was still pending under § 2244(d)(2); and that the 1995 motion was properly filed because it complied with rules governing whether an application for state post conviction relief is "recognized as such" under state law. It thus rejected petitioner's contention that the 1995 application was not properly filed because the claims it contained were procedurally barred under New York law.

Held: that respondent's application for state post conviction relief contained procedurally barred claims does not render it improperly filed under § 2244(d)(2). An application is "filed", as that term is commonly understood, when it is delivered to, and accepted by, the appropriate Court officer for placement into the official record; and it is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.* requirements concerning the form of the document, applicable time limits upon its delivery, the Court and office in which it must be lodged, and payment of a filing fee. By construing "properly filed application" to mean application "raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim". The state procedural bars at issue set forth conditions to obtaining relief, rather than conditions to filing.
199 F.3d 116, affirmed.

Scalia, J., delivered the opinion for a unanimous Court.

JUSTICE SCALIA delivered the opinion of the Court.
Section 2244(d)(2) of Title 28 U.S.C. (1994 ed. Supp. IV) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." This case presents the question whether an application for state post conviction relief containing claims that are procedurally barred is "properly filed" within the meaning of this provision.

I.

After a 1984 jury trial in the Supreme Court of New York, Queens County, respondent was convicted of attempted murder, criminal possession of a weapon, reckless endangerment, criminal possession of stolen property, and unauthorized use of a motor vehicle. The Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal. After unsuccessfully pursuing state post-conviction relief in 1991, respondent in 1995 moved *pro se* to vacate his judgment of conviction. On November 30, 1995, the state trial Court denied the motion in an oral decision on the record; no reasons were given. Respondent claims never to have received a copy of a written order reflecting the denial, despite several written requests.

In February 1998, respondent filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York, alleging, *inter alia*, that the state trial Court's refusal to allow a defense witness to testify deprived him of his right to a fair trial and his right to present witnesses in his own defense, that his absence from a pretrial hearing violated due process, and that his trial counsel was constitutionally ineffective in failing to object to allegedly improper remarks made by the prosecutor in summation. The District Court summarily dismissed the petition as untimely, noting that it had been filed more than one year and nine months after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214.

The United States Court of Appeals for the Second Circuit reversed and remanded. 199 F.3d 116 (1999). The panel first concluded that 28 U.S.C. § 2244(d)(2) (1994 ed. Supp IV), which tolls AEDPA's 1-year period of limitation on habeas corpus applications by state prisoners, should also toll the 1-year grace period (commencing on AEDPA's effective date of April 24, 1996), which the Second Circuit has allowed for the filing of habeas corpus applications challenging pre-AEDPA convictions. See *Ross v. Artuz*, 150 F.3d 97, 98 (CA2 1998). The panel assumed, for purposes of the appeal, that respondent had not yet received a written order denying his 1995 motion to vacate the conviction. Since respondent could not appeal the denial absent such written order; and since in the panel's view, "a state Court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures," 199 F.3d., at 120; the panel concluded that respondent's 1995 motion was still "pending" for purposes of § 2244(d)(2). Finally (and this is the sole point on which we granted certiorari), the panel held that respondent's 1995 motion was "properly filed" within the meaning of § 2244(d)(2) because it complied with those rules "governing" whether "an application for state post conviction relief [is] recognized as such" under state law. *Id.*, at 123. It rejected petitioner's contention that the application was not properly filed because the claims it contained were subject to two procedural bars under New York law: a bar against raising an issue that had been "previously determined on the merits upon an

*1*

appeal from the judgment," N. Y. Crim. Proc. Law § 440.10(2)(a) (McKinney 1994), and a bar against raising a claim that was available on direct appeal but was not raised because of the defendant's "unjustifiable failure", § 440.10(2)(c).[1] 199 F.3, at 123. We granted certiorari. 529 U.S. 1065 (2000).

II

Petitioner contends here, as he did below, that an application for state post conviction or other collateral review is not "properly filed" for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application. We disagree.

An application is "filed" as that term is commonly understood, when it is delivered to, and accepted by, the appropriate Court officer for placement into the official record. See, e.g. *United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Black's Law Dictionary 642 (7th Ed. 1999) (Defining "file" as "[t]o deliver a legal document to the Court clerk or record custodian for placement into the official record"). And an application is "*properly filed*" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery,[2] the Court and office in which it must be lodged, and the requisite filing fee. See, e.g. *Habtsslassie v. Novak*, 209 F.3d 1208, 1210-1211 (CA10 2000); 199 F.3d, at 121 (case below); *Villegas v. Johnson*, 184 F.3d 467, 469-470 (CA5 1999); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (CA3 1998). In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, cf. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (*per curiam*), or on all filers generally, cf. 28 U.S.C. § 2253(c) (1994 ed. Supp. IV) (conditioning the taking of an appeal on the issuance of a "certificate of appealability"). But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Petitioner contends that such an interpretation of the statutory phrase renders the word "properly", and possibly both words ("properly filed"), surplusage, since if the provision omitted those words, and tolled simply for "[t]he time during which a[n] ... application for State post conviction [relief] is pending," it would necessarily condition tolling on compliance with filing requirements of the sort described above. That is not so. If, for example, an application is erroneously accepted by the clerk of a Court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*.

Petitioner's interpretation is flawed for a more fundamental reason. By construing "properly filed application" to mean "application raised claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim." only individual *claims*, and not the application containing those claims, can be procedurally defaulted under state law pursuant to our holdings in *Coleman v. Thompson*, 501 U.S. 722 (1991), and *Wainwright v. Sykes*, 433 U.S. 72 (1977), which establish the sort of procedural bar on which petitioner relies. Compare § 2244(b)(1) ("A *claim presented* in a second or successive habeas corpus application under section 2254 that was presenting in a prior application shall be dismissed") with § 2244(b)(3)(A) ("Before a second or successive *application* permitted by this section is *filed* in the district Court, the applicant shall move in the appropriate Court of appeals of an order authorizing the district Court to consider the application" (emphases added)). See also *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-840 (1999) ("In this case, we are asked to decide whether a state prisoner must *present* his *claims* to a state supreme Court in a petition for discretionary review in order to satisfy the exhaustion requirement" (emphasis added)). Ignoring this distinction would require judges to engage in verbal gymnastics when an application contains some claims that are procedurally barred and some that are not. Presumably a Court would have to say that the application is "properly filed" *as to* the nonbarred claims, and not "properly filed" *as to* the rest. The statute, however, refers only to "properly filed" applications and does not contain the peculiar suggestion that a single application can be both "properly filed" and not "properly filed". Ordinary English would refer to certain *claims* as having been properly *presented* or *raised*, irrespective of whether the application containing those claims was properly filed.

Petitioner's remaining arguments are beside the point. He argues, for example, that tolling for applications that raise procedurally barred claims does nothing to enable the exhaustion of available state remedies - which is the object of § 2244(d)(2). Respondent counters that petitioner's view would trigger a flood of protective filings in federal courts, absorbing their resources in threshold interpretations of state procedural rules. Whatever merits

---

[1] The cited provisions read in full as follows:
"Notwithstanding the provisions of subdivision one [which sets forth various grounds upon which a Court may vacate its earlier judgment], the Court must deny a motion to vacate a judgment when:

"(a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue; or

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon the appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owning to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him; ..." N.Y. Crim. Proc. Law §§ 440.10(2)(a) and (c) (McKinney 1994).

[2] We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. See, e.g. *Smith v. Ward*, 209 F.3d 383, 385 (CA5 2000).

*2*

these, and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them. We hold as we do because respondent's view seems to us the only permissible interpretation of the text - which may, for all we know, have slighted policy concerns on one or the other side of the issue as part of the legislative compromise that enabled the law to be enacted.

### III

The state procedural bars at issue in this case - N.Y. Crim. Proc. Law §§ 440.10(2)(a) and (c) (McKinney 1994) - simply prescribe a rule of decision for a Court confronted with claims that were "previously determined on the merits upon an appeal from the judgment" of conviction or that could have been raised on direct appeal but were not: "[T]he Court must deny" such claims for relief. Neither provision purports to set forth a condition to filing, as opposed to a condition to obtaining relief. Motions to vacate that violate these provisions will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met. Consequently, the alleged failure of respondent's application to comply with §§ 440.10(2)(a) and (c) does not render it "[im]properly filed" for purposes of § 2244(d)(2). The judgment of the Court of Appeals must therefore be affirmed.

*It is so ordered.*