FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 29 AM 8: 58

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BERRIGAN, J.
January 24, 2001

| | |
|---|---|
| DWAYNE BROWN | CIVIL ACTION |
| versus | NO. 00-243 |
| BURL CAIN, WARDEN | SECTION "C" (5) |

Petitioner has filed a motion to reinstate his habeas corpus proceedings in light of the recent Supreme Court decision in Artuz v. Bennett, 121 S. Ct. 361 (2000). (Rec. Doc. 17) The Artuz decision was rendered by the Supreme Court in October 2000. The Fifth Circuit affirmed the ruling of this Court in this matter on November 29, 2000, and presumably was aware of the Artuz decision when adjudicating Petitioner's appeal. Therefore, this Court is without jurisdiction to reinstate Petitioner's claim. If Petitioner wishes to pursue the matter,[1] he must raise his claim before the Fifth Circuit Court of Appeals to secure permission to file a successive petition for habeas corpus in light of an intervening Supreme Court precedent. See 28 U.S.C. § 2255.

---

[1] The Court notes that the Artuz decision dealt with whether an application for state post-conviction relief containing claims that are procedurally barred is properly filed within the meaning of 28 U.S.C. § 2244(d)(2). In Petitioner's case, nothing was pending before the state courts for over a year between when his conviction became final and when he alleges he filed his application for post-conviction relief. It appears that Artuz is simply inapplicable.

DATE OF ENTRY
JAN 30 2001

1

Fee_____
Process___
X Dktd____
✓ CtRmDep__
Doc.No.___



Therefore, IT IS ORDERED that Petitioner's Motion is HEREBY DISMISSED WITH PREJUDICE.

